1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTIN KELLY,

                    Plaintiff,

          v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                    Defendant.

Case No. C16-37-JCC

**ORDER REVERSING AND
REMANDING CASE FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS**

13

14

15

16

17

18

19

20

          Christin Kelly seeks review of the denial of her application for Supplemental Security
Income and Disability Insurance Benefits.  The parties agree this matter should be remanded, but
disagree on the nature of the remand.  Dkt. 12; Dkt. 18.  Ms. Kelly argues the ALJ harmfully
erred in considering the treating opinion of Michelle Zhong, M.D., her own testimony and the
lay testimony.  She contends this matter should be remanded for an award of benefits.[1]  Dkt. 12
at 2.  The Commissioner agrees the ALJ erred in evaluating Dr. Zhong's opinion but argues the
matter should be remanded for further proceedings.  Dkt. 18 at 2.  As discussed below, the Court
**REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

21

22

23

---

[1] Ms. Kelly also contends the ALJ harmfully erred in failing to include the limitation to "simple tasks" contained in the RFC in the hypothetical to the vocational expert (VE).  Dkt. 12.  She further argues that the ALJ violated SSR 00-4p in failing to inquire whether the VE's testimony conflicted with the Dictionary of Occupational Titles (DOT).  *Id.*  However, as explained below, the Court does not reach these other assignments of error.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

1 administrative proceedings under sentence four of 42 U.S.C. § 405(g).

2 **BACKGROUND**

3 In August 2010, Ms. Kelly applied for benefits, alleging disability as of March 15, 2010.

4 Tr. 14, 285-92.  Ms. Kelly's applications were denied initially and on reconsideration.  Tr. 126-

5 29.  After conducting a hearing on February 10, 2012, the ALJ issued a decision on August 13,

6 2012 finding Ms. Kelly not disabled.  Tr. 133-39.  The Appeals Council vacated the August 13,

7 2012 decision and remanded the case for further proceedings.  Tr. 145-48.  Based on the Appeals

8 Council's order, the ALJ conducted a subsequent hearing on April 22, 2014, and on May 30,

9 2014 issued a decision finding Ms. Kelly not disabled.  Tr. 14-27.  The May 30, 2014 decision is

10 the subject of this appeal.

11 **THE ALJ'S DECISION**

12 Utilizing the five-step disability evaluation process,[2] the ALJ found:

13 **Step one:**  Ms. Kelly has not engaged in substantial gainful activity since March 15,
2010, the alleged onset date.

14

15 **Step two:**  Ms. Kelly has the following severe impairments: cervical/thoracic kyphosis,
cervical/thoracic myofascial pain, shoulders degenerative joint disease, spina bifida
occulta, and depression.

16

17 **Step three:**  These impairments do not meet or equal the requirements of a listed
impairment.[3]

18 **Residual Functional Capacity:**  Ms. Kelly can perform sedentary work as defined in 20
CFR §§ 404.1567(a) and 416.967(a) except she is limited to frequent reaching to

19 shoulder level but not higher than shoulder level; and turns head one-half the distance
from looking straight ahead to looking over the shoulders.  With use of her neck and eyes

20 she can look at the surface of a normal workbench or desk below her, and can look one-
half the distance from straight ahead to directly overhead.  She cannot crawl, crouch,

21 stoop, squat, climb, or balance.  She is limited to work that requires her to perform simple
repetitive tasks, and have occasional contact with coworkers and no contact with general

22 public.  She is likely to be off task at work 10% of the time but still meeting minimum

---

23 [2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.
ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

production requirements of the job.  She will be absent from work one time every three months.

**Step four:**  Ms. Kelly cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Ms. Kelly can perform (including surveillance system monitor – in an office or backroom setting, final assembler and stuffer), she is not disabled.

Tr. 14-27.  The Appeals Council denied Ms. Kelly's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 1-5.[4]

## DISCUSSION

### A.  Legal Standard

In general, the Court has "discretion to remand for further proceedings or to award benefits."  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  However, a remand for an immediate award of benefits is an "extreme remedy," and is appropriate "only in 'rare circumstances.'"  *Brown–Hunter v. Colvin,* 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1099 (9th Cir. 2014)).  In order for the Court to remand a case for an award of benefits three requirements must be met.  First, the Court must conclude that "'the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'"  *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'"  *Id.*  In considering this second requirement the Court must evaluate whether there are any "'outstanding issues'" that must be resolved before a disability determination can be made.  *Id.* (quoting *Treichler*, 775 F.3d at 1105).  Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the

---

[4] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

1  claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021).

2  Even if these three requirements are met, the Court retains "'flexibility'" in determining

3  the proper remedy.  *Id.*  The Court may remand for further proceedings if enhancement of the

4  record would be useful.  *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 1990).  The Court

5  may also remand for further proceedings "'when the record as a whole creates serious doubt as to

6  whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'"

7  *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d at 1021).  Moreover, if the record is

8  "uncertain and ambiguous," remand for further proceedings is appropriate.  *Treichler*, 775 F.3d

9  at 1105.

10  For the reasons discussed below, the Court finds that remand for further proceedings is

11  appropriate in this case.

12  **B.  Michelle Zhong, M.D.**

13  Dr. Zhong is a physical medicine and rehabilitation specialist who, beginning in

14  November 2009, treated Ms. Kelly regularly for purposes of pain management.  Tr. 441, 521.  In

15  March 2012 Ms. Kelly's attorney, Julie Hines, Esq., questioned Dr. Zhong regarding the nature

16  of Ms. Kelly's impairments.  Tr. 521-525.  The questions and responses were submitted as a

17  statement subscribed by Dr. Zhong.  *Id.*  In questioning Dr. Zhong, Ms. Hines noted that Ms.

18  Kelly had reported she could not maintain one posture or position for more than forty-five

19  minutes at which time she needed to change positions and stretch from five to twenty minutes.

20  Tr. 524.  Ms. Hines then asked Dr. Zhong whether Ms. Kelly's self-reported limitation was

21  "reasonable" in light of her impairments and Dr. Zhong responded that it was.  *Id.*  Ms. Hines

22  further noted that Ms. Kelly had reported she had difficulty maintaining her head in the forward

23  flexion position for more than thirty minutes without an increase in pain.  Tr. 525.  Ms. Hines

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

1  again asked Dr. Zhong whether this self-reported limitation was "reasonable" and Dr. Zhong

2  responded that it was. *Id.*

3        The Commissioner does not dispute that the ALJ failed to provide legally sufficient

4  reasons for rejecting these portions of Dr. Zhong's treating opinion. *See Lester v. Chater*, 81

5  F.3d 821, 830 (9th Cir. 1996) (where uncontradicted a treating doctor's opinion may only be

6  rejected for clear and convincing reasons and, even where contradicted, a treating doctor's

7  opinion may only be rejected for specific and legitimate reasons supported by substantial

8  evidence). Specifically, the parties agree that the ALJ harmfully erred in failing to address Dr.

9  Zhong's opinion regarding Ms. Haley's reported difficulty maintaining her head in a position of

10  forward flexion. Dkt. 12 at 8-9; Dkt. 18 at 5 n. 2. Moreover, the Commissioner does not appear

11  to dispute that the ALJ improperly rejected Dr. Zhong's opinion regarding Ms. Kelly's reported

12  limitation in maintaining one position.[5] Ms. Kelly argues the Court should credit as true Dr.

13  Zhong's opinion that she "needed a five-to-twenty minute break from holding a position after 45

14  minutes." Dkt. 12 at 4-8. She further contends that the VE's testimony establishes that, if Dr.

15  Zhong's opinion were credited as true, the ALJ would be required to find her disabled on

16  ───────────────

17  [5] The ALJ rejected this branch of Dr. Zhong's opinion on the grounds that the level of limitation was not supported by any objective findings or independent testing results and that Dr. Zhong's opinion "contrasted sharply" with her own treatment notes. Tr. 24. The ALJ's general finding

18  that Dr. Zhong's opinion is not supported by sufficient objective findings does not achieve the level of specificity required to reject a treating doctor's opinion. *See Embrey v. Bowen*, 849 F.2d

19  418, 421 (9th Cir. 1988) (general finding that a medical opinion is "not supported by sufficient objective findings" or is "contrary to the preponderant conclusions mandated by objective

20  findings" does not achieve the level of specificity required by our case law. "The ALJ must do more than offer conclusions" he must "set forth his own interpretations and explain why they,

21  rather than the doctors', are correct."). Moreover, Dr. Zhong's treatment notes indicating that Ms. Kelly's pain was reasonably controlled with medication likewise do not undermine her

22  opinion. Tr. 24. Dr. Zhong does not define what under "reasonable" control means in the context of Ms. Kelly's functionality and, thus, this finding does not contradict Dr. Zhong's

23  opinion that Ms. Kelly's self-reported limitations were reasonable. *See, e.g.*, Tr. 407, 411, 413, 415, 469, 475, 478, 480, 482, 485-89, 493-94, 496-98, 503-505, 507-513, 515-20.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

1    remand. *Id.* at 8.  Accordingly, Ms. Kelly argues remand for an award of benefits is appropriate.

2    However, for the reasons below, the Court concludes further proceedings would be useful in

3    relation to Dr. Zhong's opinions.

4         First, Dr. Zhong's opinions are not as definitive as Ms. Kelly represents.  Dr. Zhong did

5    not directly opine that Ms. Kelly could not maintain the same position for more than forty-five

6    minutes and needed to take five to twenty minute stretch breaks after forty-five minutes.  Nor did

7    Dr. Zhong directly opine that Ms. Kelly could only hold her head in a flexed forward position for

8    thirty minutes.  Rather, Ms. Kelly's attorney told Dr. Zhong her client had reported these

9    limitations, and asked if they were "reasonable."  Tr. 524-25.  In response, Dr. Zhong indicated

10   only that she believed Ms. Kelly's self-reported limitations were "reasonable."  *Id.*  The question

11   and answer format of this statement injects some ambiguity into Dr. Zhong's opinion.  It is not

12   entirely clear whether Dr. Zhong is adopting Ms. Kelly's self-reported limitations as her own

13   medical opinion or merely indicating that, in theory, such limitations would be reasonable.[6]  As

14   such, there is some question as to whether Dr. Zhong's testimony constitutes a definitive medical

15   opinion on how long Ms. Kelly can maintain a single position, how often she needs to take

16   breaks, or how long she can sit with her head in a position of forward flexion.  Given this

17   ambiguity, outstanding issues remain regarding Dr. Zhong's opinion and remand for further

18   proceedings would be useful.

19        Second, the VE's testimony regarding the limitations in question is also not as definitive

20   as Ms. Kelly contends.  At the hearing, in response to the ALJ's hypothetical, the VE testified

21   that an individual with Ms. Kelly's RFC could perform the jobs of surveillance system monitor,

22   final assembler and stuffer.  Tr. 121.  Ms. Kelly's attorney then posed her own hypothetical to

23   _____

[6] As discussed below, the ALJ properly discounted Ms. Kelly's testimony. *See infra* at Part C.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

1   the VE adding the limitation that the individual working "*at any of these positions* for 45

2   minutes," would then need to take a five-minute break, meaning five minutes of no work

3   activity.  Tr. 122 (emphasis added).  The VE responded "[t]here are no employers who would

4   tolerate that number of breaks throughout the day."  Tr. 122.  However, the hypothetical Ms.

5   Kelly's attorney posed implies that the individual in question could only perform the listed jobs,

6   regardless of postural limitations, for forty-five minutes before requiring a five minute break.

7   The hypothetical does not specifically indicate that the individual would only be able to hold *one*

8   *position or posture* at those jobs for forty-five minutes before requiring a five minute break.

9   Because the hypothetical does not clearly describe the limitation in question, the VE's testimony

10   does not definitively establish that the limitation would, in fact, preclude employment.  As such,

11   outstanding issues remain and the Court cannot confidently conclude that "'if the improperly

12   discredited evidence were credited as true, the ALJ would be required to find the claimant

13   disabled on remand.'"  *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d 995, 1021).

14   Accordingly, for this reason as well, further proceedings would be useful in this case.

15         On remand, the ALJ shall develop the record as necessary and reevaluate Dr. Zhong's

16   opinion.

17         **C.  Ms. Kelly's Testimony**

18         Ms. Kelly also contends the ALJ harmfully erred in evaluating her own testimony.  Dkt.

19   12 at 16-19.  The Court disagrees.

20         Ms. Kelly testified that she cannot "do a sit down job" because she has stiffness and pain

21   in her neck and back easily.  Tr. 594.  She indicated she cannot stand or walk for prolonged

22   periods of time, turn her neck from side to side to look over either shoulder or look up.  Tr. 51,

23   344.  She testified that she could sit for about twenty minutes before needing to stand and stretch,

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

1  stand for about five minutes but frequently had to lean or squat down when standing and that she

2  could walk two blocks maximum.  Tr. 55-57.  Unless affirmative evidence shows the claimant is

3  malingering, the ALJ's reasons for rejecting a claimant's testimony must be "clear and

4  convincing."  *Lester*, 81 F.2d at 834.  Here, the ALJ reasonably discounted Ms. Kelly's

5  testimony on the grounds that, despite alleging disability commencing March 15, 2010, on

6  March 29, 2010 she reported to her provider that she was "working full time and has not missed

7  work."[7]  Tr. 22; *see Smolen*, 80 F.3d at 1284 (in determining a claimant's credibility, the ALJ

8  may consider "ordinary techniques of credibility evaluation" including prior inconsistent

9  statements concerning symptoms); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)

10  (the evaluating claimant credibility the ALJ may also consider "whether the claimant engages in

11  daily activities inconsistent with the alleged symptoms.").  Ms. Kelly does not explain this

12  apparent inconsistency and the ALJ reasonably discounted her testimony on this basis.[8]  *See*

13  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (even if the ALJ's interpretation of the

14  evidence may not be the only reasonable one, where the ALJ's interpretation is reasonable and

15  supported by substantial evidence, it is not the Court's role to second-guess it.).

16        Accordingly, the Court finds the ALJ did not err in discounting Ms. Kelly's testimony.

17

[7] Some of the ALJ's other interpretations of the evidence are not reasonable.  For instance, the ALJ's opinion that Ms. Kelly's "dependency on welfare support indicates [s]he lacks motivation and a sense of urgency to find work" is certainly not a valid reason to discount her testimony. Tr. 27.  However, the inclusion of this erroneous reason does not invalidate ALJ's other proper reason for discounting Ms. Kelly's testimony which is supported by substantial evidence.  *See Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason, among other reasons for discounting a claimant's testimony, is at most harmless error if the other reasons are supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination).

[8] Ms. Kelly also testified that she had stopped working on March 15, 2010 and had not worked since that time.  Tr. 39-40.  However, the record indicates that on another occasion she reported to a provider that she stopped working on April 15, 2010.  Tr. 416.  Ms. Kelly also offers no explanation for this inconsistency.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

**D.  Lay Witness Testimony**

Ms. Kelly also contends the ALJ harmfully erred in evaluating the testimony of her mother, Teresa Kelly.  The Court agrees.

In February 2011, Teresa Kelly completed a third party function report in which she indicated that, among other things, due to pain, her daughter (Ms. Kelly) had significant limitations in sitting for any length of time, standing for prolonged periods of time, or walking very far.  Tr. 365-66.  The ALJ rejected this opinion based on the "close relationship" between Ms. Kelly and her mother and because "the medical record as a whole does not support the level of pain or physical limitations" she suggests.  Tr. 24-25.  Neither of these reasons is sufficient.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work.  *See Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e).  Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence ... and therefore *cannot* be disregarded without comment."  *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir.1996) (citations omitted).  "If the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness."  *Dodrill*, 12 F.3d at 919.  Here, the mere fact that Ms. Kelly and her mother are related is not a germane reason to dismiss her opinion. *See Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony.").  Likewise, the mere fact that Ms. Kelly's mother's opinion regarding the level and impact of Ms. Kelly's pain is "not supported by medical evidence in the record" is not a sufficient reason, without more, to reject her lay opinion.  *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citing *Smolen*, 80 F.3d at 1289).  Furthermore, as noted above, outstanding issues remain with respect to the ALJ's

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

1    evaluation of the medical evidence which must be addressed on remand.  Accordingly, the ALJ

2    erred in rejecting Teresa Kelly's testimony.  Because the Court cannot "confidently conclude that

3    no reasonable ALJ, when fully crediting the [lay witness] testimony, could have reached a

4    different disability determination," the error is not harmless.  *Marsh v. Colvin*, 792 F.3d 1170,

5    1173 (9th Cir. 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th

6    Cir. 2006)).

7            Accordingly, on remand the ALJ shall also reevaluate Teresa Kelly's lay testimony.

8            **E.  Other Issues**

9            As discussed above this matter must be remanded for further proceedings to reevaluate

10   Dr. Zhong's opinion and that of the lay witness.  Accordingly, the Court need not reach Ms.

11   Kelly's other assignments of error as the RFC and the ALJ's step four and five determinations

12   may change on remand.

13                                              **CONCLUSION**

14           For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

15   case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

16   405(g).

17           On remand, the ALJ should develop the record as necessary, reevaluate Dr. Zhong's

18   opinion and the lay testimony, re-assess and determine the RFC, and reevaluate steps four and

19   five, with the assistance of the VE as may be needed.

20
         DATED this 29th day of November, 2016.
21

22
                                                 JOHN C. COUGHENOUR
23                                               United States District Judge

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10